## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Ahmed I. A.

    Petitioner,

v.

Secretary Homeland Security;

William Barr, Attorney General;[1]

Scott Baniecke, ICE Field Office; and

Kurt Freitag, Freeborn County Sheriff,

    Respondents.

Case No. 18-cv-3032 (NEB/TNL)

**REPORT &
RECOMMENDATION**

Ahmed I. A., Freeborn County Adult Detention Center, P.O. Drawer 170, Albert Lea, MN 58007 (pro se Petitioner);[2] and

Ana H. Voss, Ann M. Bildtsen, and Friedrich A. P. Siekert, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondents Secretary Homeland Security, William Barr, and Scott Baniecke); and

David John Walker, Freeborn County Attorney, Freeborn County Government Center, 411 South Broadway Avenue, Albert Lea, MN 56007 (for Respondent Kurt Freitag).

### I. INTRODUCTION

  This matter comes before the Court on Petitioner Ahmed I. A.'s Petition for a Writ

of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). (Pet., ECF No. 1). This matter has

---

[1] William Barr is currently serving as the Attorney General of the United States. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as Defendant in this suit. Fed. R. Civ. P. 25(d).

[2] As discussed herein, Petitioner has been deported. *See infra* Section II. The address on file with the Court for Petitioner, the Freeborn County Adult Detention Center, is in all likelihood no longer correct.

been referred to the undersigned for a Report and Recommendation to the Honorable Nancy E. Brasel, District Judge for the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons that follow, the Court recommends that the Petition be denied as moot and this action be dismissed.

## II. BACKGROUND

Petitioner is a native and citizen of Somalia. (ECF No. 5-1 at 3). Petitioner was admitted to the United States as a lawful permanent resident in 1996. (ECF No. 5-1 at 3). In 2003, the Department of Homeland Security commenced removal proceedings against Petitioner after he was convicted of terroristic threats. (ECF No. 5-1 at 4). Petitioner then applied for asylum, withholding of removal, and relief under the Convention Against Torture. (ECF No. 5-1 at 4). The immigration court denied Petitioner's application in 2004. (ECF No. 5-1 at 4). In May 2018, Petitioner filed a motion to reopen his application based on changed country condition, which the immigration court granted. (ECF No. 5-1 at 4). In October 2018, the immigration court again denied Petitioner's application and ordered him removed from the United States to Somalia. (ECF No. 5-1 at 4, 18).

In October 2018, Petitioner filed this Petition. Petitioner argued that his "prolonged and continued detention is unreasonable, and violates [his] substantive rights to due process under the Due Process Clause of the Fifth [Amendment]." (Pet. at 1, 6). Petitioner sought immediate release from custody because "[t]he Government has been

unable to effectuate [his] removal and there is no likelihood of [his] removal in the reasonably foreseeable future." (Pet. at 6-8).

On November 29, 2018, Petitioner was removed from the United States on an Immigration and Customs Enforcement flight. (ECF Nos. 4 at 3; 5-1 at 22). Respondents request that this matter be dismissed as moot in light of Petitioner's removal. (*See generally* ECF No. 4).

### III. ANALYSIS

**A. Mootness**

"Article III of the United States Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies." *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003); *see* U.S. CONST. art. III, § 2. The case-or-controversy requirement exists at all stages of federal judicial proceedings. *Potter*, 329 F.3d at 611. It is of no consequence that a claim was live at an earlier stage in the proceedings; a claim must be live when the court decides the issue. *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) (alteration in original) (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)). Moot actions must be dismissed. *Potter*, 329 F.3d at 611.

In this case, Petitioner seeks release from custody. (Pet. at 8). Petitioner was removed, however, on November 29, 2018. (ECF No. 5-1 at 22). The Court can no longer

order Petitioner's release because he has already been removed. Since Petitioner has been removed, nothing in his situation would change by granting the relief that he seeks. "This is the very definition of mootness." *Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 86, 89 (2013)); *see also Estrada-Heredia v. Holder*, No. 12-cv-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012), *report and recommendation adopted*, 2012 WL 4839019 (D. Minn. Oct. 11, 2012) (finding a petition moot where petitioner was already repatriated to Mexico).

### B. Application of the Exceptions to Mootness

Before dismissing the petition as moot, however, the Court must consider whether any of the exceptions to the mootness doctrine apply. *Sayonkon v. Beniecke*, No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)), *adopting report and recommendation*, 2012 WL 1622545 (D. Minn. May 9, 2012). There are four exceptions to the mootness doctrine: "(1) if secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Id.* (quotation omitted). None applies here.

First, there are no collateral consequences resulting from the detention. Petitioner was released from Immigrations and Customs Enforcement ("ICE") custody upon his removal from the United States. (ECF No. 5-1 at 22). Any continuing injury would follow from the underlying removal order, rather than Petitioner's allegedly unlawful

detention. *See Kargbo*, 2016 WL 3676162, at *2. ("The things of which Kargbo complains—being subject to . . . the possibility of being taken back into custody . . . are not consequences of the *detentions*, but consequences of the *removal order*."). Thus, this exception does not apply here.

Second, this case does not involve conduct that is capable of repetition yet evading review. This exception to mootness applies where "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration," and there is also a "reasonable expectation that the same complaining party will be subject to the same action again." *Spencer*, 523 U.S. at 17; *Ahmed v. Sessions*, No. 16-cv-2124 (DSD/HB), 2017 WL 3267738, at *2, 3 (D. Minn. July 11, 2017), *report and recommendation adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017). In this case there is nothing further to litigate. *Ahmed*, 2017 WL 3267738, at * 3 ("Because there is nothing further to litigate in Petitioner's case, [this] situation does not apply."). Nor is there any indication in the record that the Petitioner is likely to be held in ICE custody again. Therefore, the second exception to the mootness doctrine does not apply to Petitioner. *See id*.

"Third, this is not a case in which [Respondents] voluntarily ceased allegedly unlawful conduct but [are] free to restart such conduct at whim." *Kargbo*, 2016 WL 3676162, at *2 (citing *Already, LLC*, 568 U.S. at 89. If Petitioner were to be brought back into custody, it would be under a new set of circumstances and facts, and it would be "impossible for the government to repeat the *same* unlawful conduct that [Petitioner] challenged." *Id.*; *accord Mohamed v. Sessions*, No. 16-cv-3828 (SRN/BRT), 2017 WL 4417706, at *6 (D. Minn. Sept. 14, 2017) ("In the absence of evidence suggesting that a

5

detention of Mohamed on similar facts is reasonably likely to occur again, this Court cannot find that the voluntary-cessation exception applies."), *report and recommendation adopted*, 2017 WL 4410765 (D. Minn. Oct. 3, 2017). Thus, the voluntary-cessation exception to the mootness doctrine does not apply either.

Finally, the fourth exception does not apply because this case is not a certified class action suit. In sum, because the Court can no longer grant effective relief to Petitioner and none of the above-mentioned exceptions to mootness applies, the Petition must be denied as moot.

## IV. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED AS MOOT.**

2. This action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.


Date:  April 11, 2019                          *s/ Tony N. Leung*
                                               Tony N. Leung
                                               United States Magistrate Judge
                                               for the District of Minnesota

                                               *Ahmed I. A. v. Secretary Homeland
                                               Security, et al.*
                                               Case No. 18-cv-3032 (NEB/TNL)

## **<u>NOTICE</u>**

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).